BENJAMIN B. WAGNER
United States Attorney

ADAIR BOROUGHS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:     (202) 305-7546
E-mail:         adair.f.boroughs@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE TAX LIABILITIES OF: | Civil No. |
| JOHN DOES, United States taxpayers, who during any part of the period January 1, 2005, through December 31, 2010, transferred real property in the State of California for little or no consideration subject to California Propositions 58 or 193, which information is in the possession of the State of California Board of Equalization (BOE), sent to BOE by the 58 California counties pursuant to Propositions 58 and 193. | **DECLARATION OF JOSEPHINE BONAFFINI** |

I, Josephine Bonaffini, pursuant to 28 U.S.C. § 1746 declare and state:

1. I am, and have been since 1985, employed with the Internal Revenue Service's Estate and Gift Tax Program, now under the Small Business & Self Employed operating division.  My post of duty is Boston, Massachusetts.

2. I am an attorney licensed by the State of Massachusetts.

3. From 1985 to 1989, I was an Attorney in the Estate and Gift Tax Program.  In 1989, I became the Supervisory Estate and Gift Tax Attorney at the IRS Andover Service Center. In 1998, I was appointed to a Regional Analyst position and served in a New York post of duty. Later, I served as the IRS National Policy Manager for Estate and Gift Tax for seven years.

4. Since 2008, I have been the Federal/State Coordinator for the IRS Estate and Gift Tax Program.  I am the first person to hold this position.  In this position, I am responsible for reviewing taxpayer transactions across the United States to identify potential areas where

taxpayers fail to comply with the Internal Revenue Code's requirement to file a Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return ("Form 709").

5. As the Federal/State Coordinator, it is my responsibility to contact IRS Governmental Liaisons in state governments in connection with IRS examinations of taxpayers who fail to file Forms 709. The Government Liaison then makes contact with the state or county government authorities to facilitate disclosure of data in order to help the IRS identify taxpayers who may have failed to file required Forms 709.

6. I am very familiar with issues surrounding the federal gift tax and the federal estate tax and with the filing of Forms 709, as well as Form 706 United States Estate (and Generation-Skipping Transfer) Tax Returns.

7. For the past year and a half, I have been assisting IRS Estate and Gift Tax examination teams nationwide with their examinations of taxpayers who have transferred real property for little or no consideration to related family members and have failed to report these transactions on a Form 709, as required by the internal revenue laws. I have specifically worked with examination teams in Florida, Nebraska, New York, North Carolina, Ohio, Washington, and Wisconsin.

8. Many states (or counties) therein have voluntarily disclosed data on real property transfers for little or no consideration within their jurisdiction. Specifically, the IRS has requested and received information at either the state or county level in the following states: Connecticut, Florida, Hawaii, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Virginia, Washington, Wisconsin. The State of California Board of Equalization has stated that it cannot provide similar information without a summons due to the restrictions of CAL. CIV. CODE § 1798.24.

9. Based on information provided to me by IRS Estate and Gift Tax examination teams in different states, I estimate that between 60% and 90% of taxpayers that transfer real property for little or no consideration to family members fail to file a Form 709 as required by the internal revenue laws. This estimate comports with my findings from a sampling of real

1   property transfers between apparently related parties in seven states, discussed below.

2         10.     After learning of the estimated 60%-90% failure-to-file rates in various states, the
3   IRS Estate and Gift Tax Program concluded that failure to file required Forms 709 was a
4   widespread issue and launched a compliance initiative to investigate taxpayers who have
5   transferred real property to a related party for little or no consideration.  To facilitate this
6   investigation, the IRS, once authorized by the Court, will issue under the authority of 26 U.S.C. §
7   7602, a John Doe summons to the State of California Board of Equalization (BOE).  The records
8   sought by the summons will reveal the identities of and/or disclose transactions by persons who
9   may be liable for federal taxes and will enable the IRS to investigate whether those persons have
10  complied with the internal revenue laws.

11        11.     BOE's primary office is located at 621 Capitol Mall, Sacramento, California.

12        12.     Currently BOE administers the following state and local tax programs: sales and
13  use taxes, property taxes, special taxes, and the tax appellate program.  The property tax program
14  is the one of relevance here.

15        13.     In general, California property tax is calculated based on the assessed value of real
16  estate.  Proposition 13, passed in 1978, limits annual increases to assessed values of land to the
17  inflation rate or 2%, whichever is less, unless there is a change in ownership.  CAL. CONST. art.
18  13A. § 2.  As a result, property taxes can increase dramatically after a sale or transfer.

19        14.     Proposition 58, effective in 1986, excludes from reassessment certain real
20  property transferred between parents and children, leaving in place the 2% cap on increases in
21  assessed land value.  CAL. CONST. art. 13A. § 2(h)(1); CAL. REV. & TAX. CODE § 63.1.
22  Proposition 193, effective in 1996, does the same for real property transfers between
23  grandparents and grandchildren, if the middle generation (parents) is deceased.   CAL. CONST.
24  art. 13A. § 2(h)(2); CAL. REV. & TAX. CODE § 63.1.  However, to obtain this exclusion, the
25  parties to the transfer must file a Form BOE-58-AH, Claim for Reassessment Exclusion for
26  Transfer Between Parent and Child or a Form BOE-58-G, Claim for Reassessment Exclusion for
27  Transfer Between Grandparent and Grandchild, with the county assessor's office for the county

28

1  in which the property is located.  Each county forwards to BOE the information from these two

2  forms, and the BOE maintains a statewide database with the critical information from the forms:

3  the name and social security names of the grantor, the transfer date, a legal property description,

4  and the assessed value of the property at the time of the transfer.

5      15.    The IRS's investigation will be facilitated by information kept by BOE in its

6  normal course of business, namely information on United States taxpayers who, during any part

7  of the period January 1, 2005, through December 31, 2010, transferred real property in the State

8  of California for little or no consideration subject to California Propositions 58 or 193.

9      16.    Based upon my experience, information received from examinations across the

10  country, and information voluntarily disclosed by other states, it is likely that a number of United

11  States taxpayers are failing to report taxable gifts of real property to related parties as required by

12  the internal revenue laws, and thus may be failing to pay federal gift tax owed or improperly

13  reducing eventual estate tax owed upon death.

14      17.    The John Doe summons to BOE relates to the investigation of an ascertainable

15  group or class of persons.  A reasonable basis exists for believing that this group or class of

16  persons may fail or may have failed to comply with the provisions of the internal revenue laws.

17  The information sought to be obtained by the summons is not already in the possession of the

18  IRS and is not readily available from sources other than BOE.

19      18.    Section I of the declaration details the basis for the belief that the John

20  Doe class may fail, or may have failed, to comply with the internal revenue laws.  Section II

21  explains why the information sought by the summons is not readily available from another

22  source.

23  **I. REASONABLE BASIS FOR BELIEF OF THE JOHN DOE CLASS'S FAILURE TO**

24      **COMPLY WITH INTERNAL REVENUE LAWS**

25      19.    To determine the breadth of non-compliance in filing Forms 709, I sampled ten

26  real property transfers between apparently related parties in each of seven states.  To get the

27  samples, I contacted Government Liaisons in seven states and requested records of transfers of

28

property within the states where no transfer tax was paid or where the transfer document indicated that the transfer was exempt from state tax. The states compiled a list of these transfers and provided them to me. From this list, I selected transfers that were likely to be related-party gifts, using criteria such as transfers between parties with the same last name or transfers explicitly labeled "inter-family transfer."

20. I examined the transfers selected as likely to be related-party gifts, determined whether these transfers were required to be reported on Form 709, and investigated whether these transfers were in fact reported on Form 709. This sampling showed an extremely high failure-to-report rate for transfers of real property for little or no consideration that should have been reported to the IRS on Form 709. The failure-to-report rates by state are as follows:

| **State**   | **Failure-to-Report Rate** |
|-------------|----------------------------|
| Connecticut | 60%                        |
| Florida     | 90%                        |
| Nebraska    | 60%                        |
| Ohio        | 100%                       |
| Virginia    | 90%                        |
| Washington  | 80%                        |
| Wisconsin   | 50%                        |

21. The receipt of similar information from informal requests to states and counties has resulted in leads being identified in Hawaii, New Hampshire, New Jersey, North Carolina, Pennsylvania, and Tennessee.

22. I am aware of at least fifty cases in Ohio where examinations have been opened because taxpayers have failed to report to the IRS transfers of real property to related parties for little or no consideration.

23. In the past two years, 323 taxpayers have been examined for failing to report transfers of real property to related parties for little or no consideration, another 217 taxpayers are currently under examination for failing to report transfers of real property to related parties for

little or no consideration, and approximately another 250 cases are being researched to determine whether an examination should be opened.

24. So far, the IRS has found ninety-seven taxpayers that have failed to report to the IRS on a Form 709, transfers of real property to related parties for little or no consideration, despite the fact that the internal revenue laws require such transfers to be reported.

25. Thus far, in the past two years, 12 cases have resulted in an assessment because the lifetime gifts of the grantor exceeded the $1 million lifetime credit against gift taxes.

26. Data obtained from other states captured some transfers not required to be reported on a Form 709, such as transfers between spouses and transfers due to divorce decrees. Because the information requested from BOE is specifically limited to transfers between parents and children and grandparents and grandchildren, the data should yield a higher rate of transactions required to be reported on a Form 709.

27. Based on information received from examinations across the country and information voluntarily disclosed by other states, the IRS has determined that taxpayers who transfer real property to a related party for little or no consideration frequently fail to file Form 709 and report this transfer, despite the fact that they are required to do so by the internal revenue laws.  Thus, the IRS has a reasonable basis to believe that a significant portion of the California taxpayers who have transferred property to their children or grandchildren (as reported to the BOE on forms for exclusion of reassessment) for little or no consideration have failed to report these transfers to the IRS.   Due to this failure to report taxable gifts, taxpayers may be failing to pay gift tax owed or improperly reducing eventual estate tax owed upon death.

28. Based upon the foregoing, I have concluded that there is a reasonable basis for believing that the information sought in the John Doe summons issued to BOE will identify United States taxpayers who may have failed to report taxable gifts of real property to related parties, as required by the internal revenue laws.

Case 2:10-mc-00130-MCE -EFB Document 1-2 Filed 12/27/10 Page 7 of 7

## II. INFORMATION SOUGHT IS NOT READILY AVAILABLE FROM OTHER SOURCES

29. The information sought by the summons is not in the possession of the IRS.

30. In California, BOE is the only agency that maintains information about Proposition 58 and 193 real property transfers in a format which separates it from all other property transfers for a particular year.

31. The IRS' only option for obtaining this information, other than the John Doe summons at issue, is to search through all property transfers of any kind that occurred in 2005, 2006, 2007, 2008, 2009, and 2010, in the property records of each of California's 58 counties. Examining every property transfer in California over a five-year period as recorded in fifty-eight different offices to determine which ones are related-party transfers for little or no consideration is in an unreasonable administrative burden on the IRS.

32. Thus, I have concluded that the information sought by the John Doe summons is not "readily available" from another source.

33. Attached hereto as Exhibit A is a true and correct copy of the John Doe summons that the IRS, once authorized by the Court, will issue under the authority of 26 U.S.C. § 7602 and serve on BOE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _21_ day of December, 2010.

JOSEPHINE M. BONAFFINI
Federal/State Coordinator
IRS Estate and Gift Tax Program