UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE TAX LIABILITIES OF:<br><br>JOHN DOES, United States taxpayers, who during any part of the period January 1, 2005, through December 31, 2010, transferred real property in the State of California for little or no consideration subject to California Propositions 58 or 193, which information is in the possession of the State of California Board of Equalization, sent to BOE by the 58 California counties pursuant to Propositions 58 and 193. | No. 2:10-mc-00130-MCE-EFB<br><br>MEMORANDUM AND ORDER |

----oo0oo----

Presently before the Court is the United States' Ex Parte Petition for Leave to Serve "John Doe" Summons ("Petition"). By way of its Petition, the United States seeks leave to serve, pursuant to 26 U.S.C. § 7609(f), an Internal Revenue Service ("IRS") "John Doe" Summons (hereafter "Summons") on California's Board of Equalization ("BOE").  For the following reasons, the United States' Petition is denied without prejudice.

1

## BACKGROUND[1]

The United States' current request derives from its need for information pertaining to property transfers that may affect the federal gift and estate taxes. Any person making "gifts" in excess of the annual exclusion amount must file a "Form 709 United States Gift (and Generation-Skipping Transfer) Tax Return" ("Form 709"). 26 U.S.C. §§ 2503(b), 6019(a). Taxpayers have a lifetime credit against gift taxes, and Form 709 is used to track the amount of credit both: 1) utilized by the taxpayer; and 2) remaining for future use. Id., § 2505.

In addition, estate taxes may be due based on the value of an estate when transferred. Id., § 2001. The estate tax owed includes certain taxable gifts reported on Form 709 during the decedent's lifetime. Id.

The IRS has recently realized "a pattern of taxpayers failing to file Forms 709" for real property transfers between non-spouse related parties. The IRS has thus launched a "Compliance Initiative" to investigate those taxpayers who have failed to file Forms 709. As a part of this Compliance Initiative, the government has sought to capture data from states and counties regarding real property transfers taking place between non-spouse family members for little or no consideration during the period of January 1, 2005, through December 31, 2010.
///

---

[1] Unless otherwise stated, the following facts are taken from the United States' Memorandum in Support of Ex Parte Petition for Leave to Serve "John Doe" Summons.

1  Due to the structure of its own property tax system,
2 California, like many other states, segregates the information
3 sought by the IRS from other real property transfers.  In
4 California, increases in property taxes on a particular parcel of
5 property are capped at two (2) percent per year, unless there is
6 a change in property ownership.  Cal. Const. art. 13A § 2.
7 Propositions 58 and 193, however, extended this property tax cap
8 to certain transfers of property from parents to children and
9 grandparents to grandchildren.  Id., § 2(h)(1)-(2); Cal. Rev. &
10 Tax. Code § 63.1.  To benefit from these Propositions, California
11 taxpayers must file Forms BOE-58-AH (Claim for Reassessment
12 Exclusion for Transfer Between Parent and Child) or BOE-58-G
13 (Claim for Reassessment Exclusion for Transfer Between
14 Grandparent and Grandchild).  Declaration of Josephine Bonaffini
15 ("Bonaffini Decl."), ¶ 14.  These forms are filed with the local
16 county assessor's office, and the respective assessor's offices
17 then forward the information from the forms to the BOE.  Id.  The
18 BOE maintains a statewide database of the information garnered
19 from these forms.  Id.

20  Because the BOE maintains the Propositions 58 and 193
21 information in a format that separates the property transfers
22 relevant to the IRS Compliance Initiative from all other property
23 transfers, the IRS has asked the BOE to turn over this data.
24 Unlike many other states, however, the BOE has refused to
25 disclose the requested information absent a summons because
26 California law prohibits the disclosure of personal information
27 without written consent unless required by law.  Cal. Civ. Code
28 § 1798.24.

3

Having been unable to secure the BOE's informal cooperation, the United States now seeks, pursuant to 26 U.S.C. §§ 7602(a) and 7609(f), a John Doe Summons ordering the State of California to produce the requested information.

## ANALYSIS

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, [or] determining the liability of any person for any internal revenue tax...", the Internal Revenue Code empowers the Secretary of the Treasury, or its delegate, "[t]o summon the person liable for tax or required to perform the act...or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper...to produce such books, papers, records, or other data, and to give such testimony...as may be relevant or material to such inquiry.  26 U.S.C. §§ 7602(a), 7701(11).

The IRS power to summon extends even to those situations in which the identity of the taxpayer is unknown.  26 U.S.C. § 7609(f).  This power is somewhat limited, however, because where, as here, the IRS seeks to summon information that pertains to an unknown taxpayer and is in the custody of a third party, the United States must first make a showing to a court that:
///
///
///

4

1) its investigation relates to an ascertainable class of persons; 2) a reasonable basis exists for the belief that these unknown taxpayers may have failed to comply with Internal Revenue Laws; and 3) the United States cannot obtain the information sought from another readily available source. Id.

    The Court need not address the first two above requirements because the United States has failed to make the requisite showing that the information sought via the Summons is not readily available through other sources. In support of its Petition, the United States has declared only that:

> 1) "In California, BOE is the only agency that maintains information about Propositions 58 and 193 real property transfers in a format which separates it from all other property transfers for a particular year." Bonaffini Decl., ¶ 30.
>
> 2) "The State of California [BOE] has stated that it cannot provide [the requested information] without a summons due to the restrictions of Cal. Civ. Code § 1798.24." Id., ¶ 8.
>
> 3) "The IRS' only option for obtaining this information, other than the John Doe summons at issue, is to search through all property transfers of any kind that occurred in 2005, 2006, 2007, 2008, 2009, and 2010, in the property records of each of California's 58 counties. Examining every property transfer in California over a five-year period as recorded in fifty-eight different offices to determine which ones are related-party transfers for little or no consideration is...an unreasonable administrative burden on the IRS." Id., ¶ 31.

///
///
///
///
///
///

5

These conclusory assertions do not provide any detail regarding the IRS's contacts with the BOE.  For example, it is unclear who at the IRS contacted the BOE,[2] who within the BOE was contacted, when these contacts occurred, or whether, prior to filing its Petition, the United States exhausted all of its remedies within the BOE to try to obtain the information sought.

Likewise, though the IRS states that the BOE is the only agency from which the necessary data is readily available, the United States' papers indicate that the information is filed with each of California's counties prior to being forwarded to the BOE.  It thus remains unclear why information pertaining to the specific property transactions critical to the IRS Compliance Initiative cannot be obtained directly from the counties without resort to a review of every property transaction conducted throughout the State of California.

Accordingly, because the United States has failed to show that the information sought cannot be obtained from another readily available source, the instant Petition is denied without prejudice.

///
///
///

---

[2] According to the only declaration submitted in conjunction with the Petition, the declarant, Ms. Bonaffini, is responsible for contacting "IRS Governmental Liaisons in state governments" and the "Government Liaison then makes contact with the state or county government authorities to facilitate disclosure of data in order to help the IRS identify taxpayers who may have failed to file required Forms 709."  Id., ¶ 5.  No declaration from any "Government Liaison" actually responsible for contacting the BOE is before the Court.

6

It bears mention here as well, however, that, should the United States choose to renew its Petition, this Court has serious concerns about the fact that the United States seeks to utilize the power of a federal court to sanction the issuance of a John Doe Summons upon a <u>state</u>. Indeed, the Court's own review of the case law has revealed no other circumstances on par with the United States' current request. As such, prior to resubmitting the Petition, the United States is cautioned that it must address, <u>inter alia</u>, the following issues:

    1) Whether a state is a "person" as that word is used in 26 U.S.C. §§ 7602(a) and 7609(f);

    2) Whether a state's sovereign immunity precludes issuance of a John Doe Summons;

    3) Whether, assuming a state is subject to the Court's power to issue a John Doe Summons, the United States must exhaust all administrative remedies prior to proceeding in federal court; and

    4) Whether the United States should be required to attempt to pursue any and all state court remedies prior to seeking relief in federal court.

The Government is strongly advised to be thorough in any future briefing since it will be asking this Court to make a decision <u>ex parte</u> without the benefit of any similar briefing from the state.

///
///
///
///
///
///
///

7

**CONCLUSION**

Accordingly, for the reasons just stated, the United States' Ex Parte Petition for Leave to Serve "John Doe" Summons is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE