Case 2:10-mc-00130-MCE-EFB   Document 6   Filed 12/15/11   Page 1 of 12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE TAX LIABILITIES OF:<br><br>JOHN DOES, United States taxpayers, who during any part of the period January 1, 2005, through December 31, property in the State of California for little or no consideration subject to California Propositions 58 or 193, which information is in the possession of the State of California Board of Equalization, sent to BOE by the 58 California counties pursuant to propositions 58 and 193. | No. 2:10-mc-00130-MCE-EFB<br><br>MEMORANDUM AND ORDER |

----oo0oo----

Presently before the Court is the United States' Ex Parte Petition for Leave to Serve "John Doe" Summons ("Petition"). By way of its Petition, the United States seeks leave to serve, pursuant to 26 U.S.C. § 7609(f), an Internal Revenue Service ("IRS") "John Doe" Summons (hereafter "Summons") on California's Board of Equalization ("BOE"). For the following reasons, the United States' Petition is GRANTED.

1

## BACKGROUND[1]

In its previous Order, ECF No. 3, the Court denied the United States' Petition on the grounds that it did not meet one of the three elements necessary to grant a Summons. Because failing to meet one of the three elements is dispositive, the Court did not address the other two elements. In its Order, the Court also advised the United States that if it chose to resubmit the Petition, it would have to address four additional inquiries regarding the constitutionality of issuing a Summons to a state.

The United States has now resubmitted the Petition. The revised Petition expands on the discussion of the three required elements and also addresses each of the four inquires raised by the Court.

This Order first addresses each of the three elements necessary for the issuance of a Summons and then turns to a consideration of each of the United States' responses to the Court's four additional inquiries.

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, [or] determining the liability of any person for any internal revenue tax...," the Internal Revenue Code ("IRC") empowers the Secretary of the Treasury, or its delegate to:

///
///

---

[1] For the purposes of this Order, the Court presumes Petitioner's familiarity with the facts and background of this matter as set forth in its previous order.

> [S]ummon the person liable for tax or required to perform the act...or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper ... to produce such books, papers, records, or other data, and to give such testimony ... as may be relevant or material to such inquiry.

26 U.S.C. §§ 7602(a), 7701(11).

The IRS power to summon extends even to those situations in which the identity of the taxpayer is unknown. 26 U.S.C. § 7609(f). This power is somewhat limited, however, because where, as here, the IRS seeks to summon information that pertains to an unknown taxpayer, and the information is in the custody of a third party, the United States must make a showing to the court that:

> 1) its investigation relates to an ascertainable class of persons;
>
> 2) a reasonable basis exists for the belief that these unknown taxpayers may have failed to comply with Internal Revenue Laws; and
>
> 3) the United States cannot obtain the information sought from another readily available source.

Id. The Court will address each of these elements in order. In its prior order, the Court determined that the IRS failed to satisfy the third element.

///
///
///
///
///
///
///

**ANALYSIS**

**A.   An Ascertainable Class**

The Government seeks the identity of a class of California residents, between the years 2005 and 2010, who were involved in real property transfers from parents to their children or grandparents to their grandchildren for little or no consideration.  This request squarely particularizes the individuals sought from the general public.  Therefore, the Court finds that the IRS has properly identified and is investigating an ascertainable class of persons.

**B.   Reasonable Belief of Failed Compliance**

The United States presents statistics certifying that this class of residents, involved in the identified transactions, are very likely to be in violation of the IRC.  For example, the results of a survey conducted by the IRS illustrates that at least 50% and up to 90% of individuals within the identified class failed to file the Form 709, as required by the IRC.[2]

///
///
///
///
///

---

[2] IRS Form 709, the "Gift (and Generation-Skipping Transfer) Tax Return, is used to report transfers subject to certain gift and generation-skipping tax requirements.

Additionally, an IRS attorney, through declaration, estimates that between 60% and 90% of taxpayers that transfer real property for little or no consideration to family members failed to file a Form 709. (Bonaffini Decl., ¶ 9). The Court finds this sufficient to support a reasonable belief of failed compliance by the identified class.

### C.   Documents Not Readily Available Elsewhere

Previously, this Court denied the United States' petition because it failed to make the requisite showing that the information sought via the Summons was not readily available through other sources. In support of its initial Petition, the United States declared that the BOE was the only agency in California that maintains the necessary real property transfer data and that obtaining the records from each of California's 58 counties would be unduly burdensome. The Court denied the United States' Petition because the United States had not demonstrated that contacting each of the 58 counties to retrieve the data was unduly burdensome.

However, in its revised Petition, the United States makes clear that California's BOE not only is obligated to collect the needed documents, the BOE is the only agency that will guarantee to have each and every property transaction for the time period sought, and in the format needed, ensuring accuracy and efficiency for the IRS's investigation.

///
///

Conversely, if the IRS were to approach each of the 58 counties in California, there is a chance that many of the counties would not have the needed documents. According to Petitioner, a number of counties do not record inter-family property transfers. As a result, the BOE is the most reliable and least burdensome option for the IRS. The likelihood that some California counties would not have the necessary data assures this Court that the documents are not readily available in those venues. Therefore, the United States has sufficiently met its burden.

In light of the facts and analysis of the elements, the United States has sufficiently met its burden as to each of the three elements necessary for the issuance of a John Doe Summons.

### D. Additional Inquiries Raised by the Court re John Doe Summons on a State

#### 1. Background

In its previous Order, this Court carried "serious concerns about the fact that the United States seeks to utilize the power of a federal court to sanction the issuance of a John Doe Summons upon a state." The Court advised the United States that if a second petition were to be submitted it would have to address four additional inquiries:

1) Whether a state is a "person" as that word is used in 26 U.S.C. §§ 7602(a) and 7609(f);

2) Whether a state's sovereign immunity precludes issuance of a John Doe Summons;

3) Whether, assuming a state is subject to the Court's power to issue a John Doe Summons, the United States must exhaust all administrative remedies prior to proceeding in federal court; and

6

   4) Whether the United States should be required to attempt to pursue any and all state court remedies prior to seeking relief in federal court.

**2.   Analysis**

In addressing these inquiries, the United States urges the Court not to limit the IRS's broad investigatory powers. Specifically, the power to summon documents relevant to a revenue investigation. It supports its position by arguing that a state is a "person" for the purposes of 26 U.S.C §§ 7602(a) and 7609(f); that states do not have immunity to bar a John Doe Summons; and that no additional judicial or administrative remedies can or should be taken.

   **a.   Whether a State is a "Person" as that Word is Used in 26 U.S.C §§ 7602(a) and 7609(f).**

Section § 7602(a)(2) authorizes the IRS to summon any "person having possession, custody, or care of books or account relating to ... the person liable for tax [] ... , or any other person the Secretary may deem proper ...." Because § 7602 does not define the term "person," this Court required the United States to discuss why the IRS considers a state to be a "person." The Court is now persuaded that a state is a person within the meaning of § 7602(a).

///
///
///
///

7

Because § 7602(a) and § 7609(f) do not define the term "person," the Court must seek clarification from the IRC's general "Definitions" provision found in § 7701. Section 7701(a)(1) defines a "person" to "include an individual, a trust, estate, partnership, association, company or corporation." While this list does not identify states specifically, "it is equally clear that it does not exclude them." Sims v. United States, 359 U.S. 108, 112 (1959) (after reviewing the general "Definitions" provisions of § 7701, the Sims court found states to be included in the definition of "person" as used in another section of the IRC).

The Supreme Court has also found that the legislative history grants the IRS a broad and general authority to summon documents for legitimate inquiries:

> Indeed, the very language of § 7602 reflects...a congressional policy choice *in favor of disclosure* of all information relevant to a legitimate IRS inquiry. In light of this explicit statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad summons authority of the IRS.

United States v. Arthur Young & Co., 465 U.S. 805, 816-17 (1984) (emphasis in original). Congress chose the broadest possible phrase to describe who the IRS could summon, leaving it to the Secretary's discretion to summon "any...person the Secretary may deem proper." 26 U.S.C § 7602(a)(2). An interpretation to not include states in the statute, preventing the IRS from compelling any information from states or their subdivisions, would substantially curtail the IRS summons power.

///

///

8

1    Therefore, although this issue does not appear to have been
2 squarely addressed in the Ninth Circuit previously, this Court
3 finds that a State is a person within the meaning of § 7602, a
4 decision consistent with Sims and Arthur Young, as well as the
5 holdings of courts in other circuits.  See Estate of Wycoff v.
6 Commissioner,506 F.2d 1144, 1151 (10th Cir. 1974) (holding the
7 United States and the State of Utah to be "person" within the
8 meaning of §§ 7701 and 2056); Chickasaw Nation v. United States,
9 208 F.3d 871, 879 (10th Cir. 2000) ("Congress unambiguously
10 intended for the word 'person,' as used in § 7701(a)(1), to
11 encompass all legal entities, including Indian tribes and tribal
12 organizations, that are the subject of rights and duties.").

### b. Whether a State's Sovereign Immunity Precludes Issuance of a John Doe Summons.

16    The United States argues that both the 10th and 11th
17 Amendments do not preclude an issuance of a John Doe Summons upon
18 a state.  This Court agrees.  The Tenth Amendment does not limit
19 the IRS's authority to issue a John Doe Summons on a state.
20 The federal courts have consistently analogized the IRS's summons
21 power to the federal grand jury's power to subpoena.  See, e.g.,
22 United States v. Bisceglia, 420 U.S. 141, 147 (1975); United
23 States v. Powell, 379 U.S. 68, 57 (1964).  What is more, the
24 Tenth Amendment does not prevent a federal grand jury from
25 subpoenaing a state.  E.g., In re Special April 1977 Grand Jury,
26 581 F.2d 589, 592 (7th Cir. 1978) ("Nothing in the United States
27 Constitution immunizes any 'exclusive domain of the state...from
28 the reach of a federal grand jury.").

9

1  If the Tenth Amendment cannot bar a grand jury subpoena, it
2  cannot bar an IRS summons.³
3       Simlarly, the Eleventh Amendment does not preclude the IRS
4  from issuing a John Doe Summons on a State.  The Eleventh
5  Amendment only provides immunity to states when sued by private
6  individuals.  See, e.g., Board of Trustees of Un. Of Alabama v.
7  Garret, 531 U.S. 356, 363 (2001) ("The ultimate gaurantee of the
8  Eleventh Amendment is that nonconsenting States may not be sued
9  by private individuals in federal court.").  However, "[n]othing
10 in the Eleventh Amendment has ever been seriously supposed to
11 prevent a state [from] being sued by the United States."
12 Arizona v. California, 460 U.S. 605, 614 (1983).
13      Accordingly, because the federal government's sovereign
14 authority extends to the IRS's authority to investigate revenue
15 violations; and because the IRS's summons power cannot logically
16 be barred by the Tenth or Eleventh Amendments due to its broad
17 authority, this Court finds the Tenth and Eleventh Amendment
18 inapplicable to preclude the IRS from issuing its John Does
19 Summons.
20 ///
21 ///
22 ///
23 ///
24 ///

---

³ However, states are granted authority to assert requests of privilege under Federal Rule of Evidence 501 when asked to produce certain state records.  In re Hampers, 651 F.2d 19, 21-23 (1st Cir. 1981)(holding qualified privilege for state revenue commissioner).  In the instant case, no claim of privilege has been raised by the state.

10

### c. Whether, Assuming a State is Subject to the Court's Power to Issue a John Doe Summons, the United States Must Exhaust all Administrative Remedies Prior to Proceeding in Federal Court.

The United States asserts that exhaustion is not required because it has jurisdiction to issue its summons, but even if it were required to exhaust all administrative remedies, it has already done so. This Court agrees. The BOE denied the IRS's request for the relevant documents noting that the denial could not be appealed within the BOE. Specifically, the BOE advised the IRS that "[n]o administrative remedies exist to challenge the BOE's decision." The Court has already determined the IRS carries authority to serve the John Doe Summons, but even if it were required to exhaust administrative remedies, it has sufficiently done so because no administrative appeal was available from the BOE's decision.

### d. Whether the United States Should be Required to Attempt to Pursue any and all State Court Remedies Prior to Seeking Relief in Federal Court.

For this inquiry, the United States puts forward the identical argument as the previous one. They find no legal requirement to pursue state remedies because the issue at hand is a federal one. Furthermore, the United States notes that under federal law, any suit filed in state court pursuant to § 7609 would almost automatically be removed to federal district court.

///
///

Once again, the Court agrees with the United States. It would be impractical for the United States to exhaust all state judiciary remedies when the matter falls within the jurisdiction of the federal district court.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Petitioner's John Doe Summons request is GRANTED.

IT IS SO ORDERED.

Dated: December 15, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE